**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| XYZ CORPORATION,<br><br>PLAINTIFF,<br><br>V.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A<br><br>DEFENDANTS. | CIVIL ACTION NO.: 1:21-CV-06135 |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE CERTAIN DOCUMENTS UNDER SEAL AND TEMPORARILY PROCEED UNDER A PSEUDONYM**

Plaintiff, XYZ Corporation ("Plaintiff"), by its undersigned counsel, submits this Memorandum in support of its Motion for Leave to File Certain Documents Under Seal and to Temporarily Proceed Under a Pseudonym (the "Motion") in an action arising out of 17 U.S.C. § 101, et seq., of the Federal Copyright Act, and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq.*

**MEMORANDUM OF LAW**

## I. INTRODUCTION

In this action, Plaintiff is requesting temporary *ex parte* relief based on its claims of: copyright infringement and counterfeiting; and violation of the Illinois Uniform Deceptive Trade Practices Act. Plaintiff's *Ex Parte* Motion for Entry of Temporary Restraining Order ("Motion for TRO"), along with the accompany supporting memorandum, declarations, and exhibits for each, will be filed upon ruling of its present Motion.

Plaintiff is requesting that it be allowed to proceed under a pseudonym until the *ex parte* relief can be effectuated as identifying the Plaintiff at this time will result in a frustration of the litigation process and will leave Plaintiff without remedy for its injury. As Plaintiff will show, exceptional circumstances exist in this case, which should permit Plaintiff to proceed anonymously until such time as the *ex parte* relief is effectuated, with Plaintiff disclosing its identity to defendants upon service of process.

In addition to Plaintiff's request to proceed under a pseudonym, Plaintiff is requesting leave to file the following documents under seal: (1) the unredacted Complaint, which will identify and include additional allegations regarding Plaintiff and Defendants; Exhibit 1 to the Complaint, which consists of the Plaintiff's Copyrights, Schedule A to the Complaint, which consists of a list of the Defendants by their online marketplace accounts (referred to as "Seller Aliases" or "Defendant Internet Stores") and e-commerce store URLs of the Defendant Internet Stores; and (2) Plaintiffs' Motion for Entry of a Temporary Restraining Order, including a Temporary Injunction, a Temporary Asset Restraint, and Expedited Discovery, and accompanying supporting memorandum, declarations, and exhibits, including screenshot printouts showing the e-commerce stores operating under the Seller Aliases.

Sealing this portion of the file is necessary to prevent the Defendants from learning of these proceedings prior to the execution of the temporary restraining order. If Defendants were to learn of these proceedings prematurely, the likely result would be the destruction of relevant documentary evidence as well as the hiding and/or transferring of assets to foreign jurisdictions, which would frustrate the purpose of the underlying law and would interfere with this Court's power to grant relief. Once the temporary restraining order has been served on the relevant parties and the requested actions are taken, Plaintiff will move to unseal these documents.

## II. EXCEPTIONAL CIRCUMSTANCES

Unless Plaintiff is allowed to proceed under a pseudonym, Defendants will be able to discern which marks are at issue in the instant action, and with this knowledge, will be capable of evading detection and prosecution for their disregard of United States intellectual property laws. Third-parties routinely work in concert with accused counterfeiters in an effort to facilitate evading enforcement efforts. See Declaration of Ann Marie Sullivan ("Sullivan Declaration") at ¶ 3. One such third-party is an entity doing business as "Sellerdefense," a Chinese organization and website that monitors counterfeit enforcement lawsuits in this Judicial District. *Id* at ¶ 4. When Sellerdefense observes a trademark-holder having filed a lawsuit, it announces this activity on its website, posting the Complaint and all other public pleadings, and recommend that sellers cease their counterfeiting activity, liquidate their associated financial accounts, and change the payment processors that they currently use to accept payments in their online stores. *Id*. at ¶ 5. Please see below, and Exhibit 3 – Parts 1 and 2 to the Declaration of Sandy Zhuang.




| **Figure 1.** | https://sellerdefense.cn/shaun-the-sheep-new-case/ (Last Accessed: September 13, 2021) |
|---|---|




| **Figure 2.** | https://sellerdefense.cn/ufcnew/ (Last Accessed: September 13, 2021) |
|---|---|

For example, the articles pictured in the above screenshots (**Figure 1** and **Figure 2**), regarding the disclosure of the Plaintiff's name in two other cases, have between 1,441 and 1,636 views respectively, as of September 12, 2021, and caution sellers to remove their products and funds from associated accounts as soon as possible. Sullivan Declaration at ¶ 8.

In another article posted on the SellerDefense website, which also has upwards of 1,150 views, a screenshot of the chat group that sellers are involved in can be seen, as the SellerDefense website provides links to over 15 "WeChat" or "QQ" groups, all of which have reached their maximum capacity. *Id.* at ¶ 9, and Zhuang Decl. Exhibit 3 – Part 3. See **Figure 3**.

QQ Group 1: 295380184 (Full)
QQ Group 2: 672085077 (Full)
QQ Group 3: 866864037 (Full)
QQ Group 6: 613979161 (Full)
QQ Group 8: 781447834 (Full)
QQ Group 10: 812058032 (Full)
QQ Group 12: 852478737 (Full)
QQ Group 15: 789733094 (Full)
QQ Group 16: 721813793 (Full)
QQ Group 18: 623673784
WeChat: dearzhi2019
WeChat Public Account: SellerDefense

**Figure 3.** https://sellerdefense.cn/ams-sherlock-21cv929/ (Last Accessed: September 13, 2021)

In yet another article, SellerDefense details all clients and brands represented by AM Sullivan Law, LLC, and discusses the process of trying to ascertain the Plaintiff's name. See **Figure 4**. Sullivan Declaration at ¶ 11, Zhuang Decl. Exhibit 3 – Part 4. *See also:* Article Titled: "Caution! AMS started two anonymous cases recently, the brand it represents are attached!" See www.sellerdefense.cn/amsagencybrand (Last Accessed: September 13, 2021). *Id*.




| Time of Prosecution | Case Number | Venue | Law Firm | Type | Brand | Brand Owner |
|---|---|---|---|---|---|---|
| 2020/12/7 | 20-cv-7229 | IL | AMS | ? | ? | XYZ Corporation |
| 2020/12/7 | 20-cv-7226 | IL | AMS | ? | ? | XYZ Corporation |



**Figure 4.** www.sellerdefense.cn/amsagencybrand (Last Accessed: September 13, 2021)

Additionally, while SellerDefense is one of the most popular of these types of monitoring websites, it is by no means the only. Sullivan Declaration at ¶¶ 11-13. Another website that works to assist counterfeit sellers describes its services as "Cross border sellers are all here Find good services here." This website also monitors activity in this District, and posts any relevant information, alerting counterfeit sellers to the name and identity of Plaintiffs. *Id.* at ¶¶ 13-14, and Zhuang Decl. Exhibit 3 – Part 5. **Figure 5**.



9/13/21, 1:04 PM Caution! Popular Cartoon Teenage Mutant Ninja Turtles to be Represented by AM Sullivan! -Cross Border E-Commerce Headline-AMZ123Amazon Navigation-Cross Border E-commerce Portal

Caution! Popular Cartoon Teenage Mutant Ninja Turtles to be Represented by AM Sullivan!

SellerGuard 2020-8-7 302

This case was originally an anonymous case from 07/23/2020. As we were querying new cases, we saw this one:

| Case Number | Case Title | Assigned Judge | Filed Date |
|---|---|---|---|
| 20-cv-4335 | XYZ Corporation vs The Partnerships | Judge Virginia Kendall | 07/23/2020 |

Today, some eBay sellers began to receive suspension emails from PayPal, which revealed this anonymous case:

Time of Prosecution: 07/23/2020
Plaintiff's Brand: TMNT (Teenage Mutant Ninja Turtles Trademark + Identity Copyright)
Plaintiff Company: VIACOM INTERNATIONAL INC
Prosecuting Law Firm: AM Sullivan Law, LLC

**Figure 5.** https://www.amz123.com/thread-721842.htm (Last Accessed: September 13, 2021)

In **Figure 6**, one of the posts/articles clearly instructs defendants (or even potential defendants) to "withdraw cash in time!" See Sullivan Declaration at ¶ 15, Zhuang Decl. Exhibit 3 – Part Exhibit 6. See also: https://www.egainnews.com/search?keyword=am+sullivan+law; http://www.away-sp.com/news 2_681867.html; https://www.jiyikj.com/Article/Detail/630407613707714561; https://zhuanlan. zhihu.com/p/343784255; http://www.hanchenglawfirm.com/index.php?m=content&c=index& a=lists&catid=81; https://www.joogx.com/50552.html; https://www.cifnews.com/article/74995; https://www.sohu.com/a/365023628_190834; https://www.saibeiip.com/headline/information-d3395.html; http://www.haixiangkuajing.com/newsdetail_2659475.html; http://www.kjds123.cn/ (describes its services as: "1. Focus on brand knowledge sharing 2. Analysis and handling of cross-border e-commerce complaints of intellectual property rights 3. Cross-border e-commerce platform tracking and early warning of the latest intellectual property cases All information is organized at: www.kjds123.cn"). *See* Sullivan Declaration at ¶¶ 16-17, Zhuang Decl. Exhibit 3 – Part 6.

Urgent! Anonymous Cases Reveal Einstein IP to be Represented by AM Sullivan. Suspension Starting!

- Published on #Cross Border E-commerce Headline#

AM Sullivan Law, LLC. [08/27/2020] 20-cv-5058 Hebrew University of Jerusalem. Einstein. Albert Einstein (03/14/1879-04/18/1955) was born in Ulm, Württemberg, German and graduated from Federal polytechnic school in Zurich…

Infringement Avoidance | Newest! Summary of Infringement Keywords in March

- Published on #Cross Border E-commerce Headline#

Infringement Keyword: Led Zeppelin. Prosecuting Law Firm: AM Sullivan Law, LLC 3. Infringement Keyword: PXG and other golf equipment brands. Prosecuting Law Firm: SMG4.Infringement Keyword: Baby Shark and Pinkfong. Prosecuting Law Firm: Epstein Drangel LLP5.Infringement Keyword: ANGLE-IZER. Prosecuting Law Firm: Keith6.Infringement Keyword: Anne...

Take Down Now! Three New Brands Launching Lawsuit. 1000+ Stores Facing Suspension!

- Published on #Cross Border E-commerce Headline#

Associazione Sportiva Roma: AM Sullivan Law, LLC; Blippi: EPSTEIN DRANGEL LLP. Suspension already started for 3 cases. Sellers, hurry up and check if you have products infringing relevant IPR. There have been many IPR infringement lawsuits recently. Summarizing the three cases above, trademark, design patent, and copyright have become the common focus and standpoint of rightsholder. Sellers…

Betty Boop, Hello Neighbor, MÖTLEY CRÜE, Sabaton: Notice about New Brands Cases!

- Published on #Cross Border E-commerce Headline#

Below are the basic information about the cases: 1. Fleischer Studios, Inc. Time of Prosecution: 07/23/2021 Plaintiff: Fleischer Studios, Inc. Plaintiff's Trademark: Betty Boop. Representing Law Firm: AM Sullivan Law, LLC. Case No.: 21-cv-3919. Reconciliation Payment: This is a new plaintiff with unknown reconciliation requirement. Betty Boop is a famous cartoon star in the US. In 1930…

Urgent! Suspension Started for Anime Character Hatsune Miku! Take Down All Relevant Products Now!

- Published on #Cross Border E-commerce Headline#

AM Sullivan [09/21/2020] 20-cv-5589 Crypton Future Media Inc (Hatsune Miku). AM Sullivan Law Firm is located in Chicago, IL and dedicated to IPR. It first appeared in cross-border e-commerce cases on January 2, 2020. Brands it represented: MIRACULOUS (Miraculous Ladybug), Rubiks...

| **Figure 6.** | https://www.amz123.com/search.htm?keyword=am%20sullivan<br>(Last Accessed: September 13, 2021) |
|---|---|

## III. ARGUMENT

Federal Rule of Civil Procedure 10(a) provides that "[e]very pleading" must "name all the parties[.]" However, it has been well-established that a party may seek an exception to the general requirement of open litigation by filing a motion to proceed under a pseudonym. Though the Federal Rules of Civil Procedure do not specifically authorize the use of a pseudonym by litigants, courts have allowed parties to proceed anonymously in exceptional circumstances. *See, e.g Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011); S. *Methodist. Univ. Ass'n. of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979). Finding exceptional circumstances exist warranting such an exception, courts have recently allowed plaintiffs in similar trademark infringement cases to proceed anonymously in both this District[1] and in other Districts.[2]

To proceed anonymously, "a party must demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing

[1] *See XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; NDIL, Case No. 1:21-cv-00631 (Feb. 16, 2021) [18] ("On the merits, Plaintiff's submissions establish that, were Defendants to learn of these proceedings before the execution of Plaintiff's requested preliminary injunctive relief, there is a significant risk that Defendants could destroy relevant documentary evidence and hide or transfer assets beyond the reach of the Court."); *XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; NDIL, Case No. 1:21-cv-01233 (Apr. 6, 2021) ("Plaintiff's motion [5] for leave to file under seal and proceed anonymously is granted in light of the asset-restraint goal."); *XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; NDIL, Case No. 1:21-cv-02322 (May 2, 2021) [8] ("Plaintiff's motion for leave to proceed anonymously is granted, exceptional circumstances having been shown."); *XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; NDIL, Case No. 1:21-cv-01290 (March 11, 2021) [15]; *XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; NDIL, Case No. 1:20-cv-07258 (March 21, 2021) [16].

[2] *See XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; SDIL, Case No. 0:21-cv-61267 (June 22, 2021) [6] (Finding "that there is no threat of fundamental unfairness to Defendants in allowing Plaintiff to temporarily proceed under a pseudonym. To the contrary, it is Plaintiff that potentially suffers economic harm and damage to its reputation by allowing Defendants—whose personal identities are essentially unknown—to become aware of Plaintiff's identity early enough to allow them to destroy online evidence or evade prosecution." Also holding, "Plaintiff's privacy right at this early stage of the litigation outweighs the need for Defendants and the public to be aware of Plaintiff's identity.").

party that would result from anonymity." *Doe v. Village of Deerfield*, 819 F.3d 372 (7th Cir. 2016) (citation omitted). The Seventh Circuit has held that it is within the District Court's discretion to determine whether the circumstances of a particular case justify a departure from the general rule that parties must be identified by name. *Doe v. Blue Cross and Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). The Court has found circumstances justifying the use of anonymous names where, as here, a plaintiff is "a likely target of retaliation by people who would learn her identity" from court filings. *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004).

In deciding whether to permit a party to proceed by anonymous name, courts apply a balancing test, weighing "the possible prejudice to the opposing party from concealment" against "the harm to the plaintiff" from disclosure of his or her identity. *Id*. Here, as shown in the analysis above, the balancing test analysis favors permitting Plaintiffs to proceed by anonymous name.

Allowing Plaintiff to proceed anonymously will not harm the public interest and the Defendants will not be prejudiced if the Court allows the Plaintiffs to proceed anonymously. Plaintiffs are not seeking to hide their identities from the Defendants. Rather, Plaintiff seeks only to proceed anonymously on a temporary basis, and intends to make its identity public after the Defendants have been served. *John Does I-IV*, 2006 WL 2289187 at *3 ("Plaintiffs request understandably that Defendants be precluded from disclosing their names publicly. Thus, Defendants will not be prejudiced by allowing Plaintiffs to proceed by anonymous names.").

Here, exceptional circumstances likewise warrant permitting Plaintiff to proceed anonymously. If Plaintiff's identity is known, Defendants will undertake activity designed to frustrate Plaintiff's efforts to prosecute this action and collect any potential judgment entered against the Defendants. This assertion is based upon Plaintiff's counsel's previous and current experience in cases involving analogous facts. Sullivan Declaration at ¶ 18. Specifically, such activity will likely include, without limitation, Defendants: (a) blocking access to their sites in the

United States so that trademark-holders are unable to view the Defendants online postings and, therefore, unable to gather important evidence; (b) closing their Defendant Internet Stores and opening up new online stores with new registration and account information in order to evade the action; and (c) transferring assets from their financial accounts, closing those accounts, and reopening new financial accounts so as to avoid asset restraints, leaving Plaintiff without remedy. *Id* at 19.

## IV. CONCLUSION

For these reasons, Plaintiff respectfully requests that it be permitted to file certain documents under seal and temporarily proceed in this action under a pseudonym, at least until such time as the *ex parte* relief may be effectuated, including the suspension of the Defendant Internet Stores and restraint of the associated financial accounts, in order to further mitigate the risk of Defendants attempting to evade Plaintiff's present anti-counterfeiting efforts.

Dated: November 18, 2021

Respectfully submitted,

*/s/ Sofia Quezada*

Ann Marie Sullivan
Alison Carter
Sofia Quezada
AM Sullivan Law, LLC
1440 W. Taylor St., Suite 515
Chicago, Illinois 60607
Telephone: 224-258-9378
E-mail: attorney@amsullivanlaw.com

***ATTORNEYS FOR PLAINTIFF***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically-filed on November 18, 2021, with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

*/s/ Sofia Quezada*
Sofia Quezada